UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM IX TRUST,<br><br>   Plaintiff,<br><br>   v.<br><br>GERALD G. BEDDELL,<br><br>   Defendant. | No. 2:17-cv-00077-TLN-KJN<br><br>**ORDER REMANDING CASE** |

This matter is before the Court pursuant to Defendant George G. Beddell's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis (ECF Nos. 1–2) and Plaintiff CAM IX Trust's ("Plaintiff") Amended Notice of Motion and Motion to Remand Removed Action (ECF No. 6) (the "Motion for Remand"). Defendant has not filed an opposition.[1] The Court hereby remands the action to the Superior Court of California, County of Solano, due to lack of subject matter jurisdiction. For the reasons set forth below, Defendant's Motion to Proceed in

---

[1] The Motion for Remand was noticed for March 9, 2017. An opposition was not timely filed in accordance with Local Rule 230(c). Because Defendant is proceeding without counsel, the Court will examine the merits of the motion. Additionally, as the Motion for Remand fails to address all of the bases for which Defendant sought removal, the Court will examine *sua sponte* Defendant's argument that removal is proper pursuant to 28 U.S.C. §§ 1334(b) and 1443(1). Lastly, as Defendant expressly disclaims diversity jurisdiction as a basis for removal, the Court need not discuss Plaintiff's arguments on this point. (*Compare* ECF No. 6-1 at 3–5 (discussing diversity of citizenship and the amount in controversy) *with* ECF No. 1 at 9, 15.)

1

Forma Pauperis is GRANTED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2016, Plaintiff filed an unlawful detainer action in the Superior Court of California, County of Solano. (*See* Not. of Removal, ECF No. 1 at 1.) On December 6, 2016, Defendant filed a demurrer. (*See* ECF No. 1 at 41–47.) On December 19, 2016, Defendant filed an answer to the complaint. (*See* ECF No. 1 at 50–54.) On January 12, 2017, Defendant filed a Notice of Removal in this Court. (ECF No. 1.)

Defendant asserts that removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446, because resolution of this case presents federal questions, which he suggests he may raise either as counterclaims, cross-claims, or defenses.[2] (*See, e.g.*, ECF No. 1 at 4, 9.) He also asserts that it is proper pursuant to 28 U.S.C. § 1443(1) as otherwise Defendant will be unable to vindicate his "equal civil rights." (*See, e.g.*, ECF No. 1 at 7–8.) Finally, Defendant states without analysis that he is "entitled to remove to this U.S. District Court, within the meaning 28 U.S.C. § 1334(b)[.]" (ECF No. 1 at 12.)

## II. STANDARD OF REVIEW

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). With exceptions not relevant here, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.[3] *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

The general removal statute, 28 U.S.C. § 1441, permits the removal to federal court of any

---

[2] Defendant erroneously cites 28 U.S.C. § 1332 in connection with this argument where it is clear from context that he intended to cite 28 U.S.C. § 1331. (ECF No. 1 at 9.) Given that Defendant expressly disclaimed relying on diversity jurisdiction to support removal, further discussion of diversity jurisdiction is unwarranted. (ECF No. 1 at 9, 15 ("THIS REMOVAL IS NOT BASED on grounds of diversity of citizenship, amount in controversy of $75,000 does not apply.") (emphasis retained).)

[3] The Ninth Circuit has identified the federal officer category of removals under 28 U.S.C. § 1442(a)(1) and removal under the Class Action Fairness Act, pursuant to 28 U.S.C. §§ 1332, 1453, as exceptions to the general rule. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015).

civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper under § 1441 only if the district court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Courts "strictly construe [28 U.S.C. § 1441] against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

The civil rights removal statute, 28 U.S.C. § 1443, in relevant part, permits a defendant in a state court civil case to remove the proceedings to a federal district court when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States." 28 U.S.C. § 1443(1). In order to successfully remove based on 28 U.S.C. § 1443(1), the defendant must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state

3

statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. "The ground for removal under section 1443(1) is both specific and extremely narrow." *JP Morgan Chase Bank, NA vs. Reznik*, No. CV 15-06590 RGK (AJWx), 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (citing *Davis v. Super. Ct. of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972)).

### III.  ANALYSIS

#### A.  Federal Question Jurisdiction

A close reading of Defendant's Notice of Removal reveals three arguments for why this case presents a federal question such that removal under 28 U.S.C. § 1441 is appropriate. Each of these arguments must be rejected. First, Defendant suggests that in the course of the unlawful detainer proceedings (and possibly related earlier proceedings) he has suffered harms at the hands of Plaintiff and Plaintiff's attorneys in violation of his federal statutory and/or constitutional rights. (*See, e.g*, ECF No. 1 at 2, 4.) Whether Defendant desires to bring a counterclaim or crossclaim, Defendant's first argument must be rejected because federal question jurisdiction cannot rest upon an actual or anticipated counterclaim or cross-claim. *See Vaden*, 556 U.S. at 60–61; *Holmes Grp., Inc.*, 535 U.S. at 831–32; *Hunter*, 582 F.3d at 1042–43.

Second, Defendant argues that removal is proper under 28 U.S.C. § 1441 because he seemingly wishes to assert a variety of federal law defenses, including among other things that "State Court Eviction under an Unlawful Detainer Action deprives Defendant's Constitutional rights to due process[.]" (*See, e.g.*, ECF No. 1 at 4.) Defendant further states that Plaintiff has "hid in sheep [sic] clothing the true federal fair housing[,] retaliatory discrimination . . ., and civil rights discrimination" issues that he seemingly wishes to offer as defenses. (ECF No. 1 at 5–6.) However, Plaintiff's complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." *California Hous. Fin. Agency v. Rivera*, No. 2:12-CV-8236-SVW-JCG, 2013 WL 12142622, at *2 (C.D. Cal. Mar. 28, 2013); *see also Gutierrez v. Chavez*, No. CV 13-04674 GAF (AJWx), 2013 WL 3729848, at *2 (C.D. Cal. July 12, 2013) ("An unlawful detainer action is a true state law claim."). Aside from Defendant's conclusory statements, there is no basis for finding that Plaintiff engaged in artful pleading to

defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981). Therefore, jurisdiction is lacking even if Defendant intends to assert a defense based exclusively on federal law. *See Caterpillar*, 482 U.S. at 393.

Third, Defendant suggests, with little in the way of analysis and without citation to authority, that the Superior Court did not have jurisdiction over Plaintiff's action at the time Defendant filed the Notice of Removal and therefore removal is proper. (*See* ECF No. 1 at 2–3.) Even if that were true, the Court could not exercise removal jurisdiction, so this argument must also be rejected. *See Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.")

### B. Civil Rights Removal

Defendant also asserts that civil rights removal is proper pursuant to 28 U.S.C. § 1443(1). Defendant sets out a litany of allegations in conclusory fashion in support of removal. For efficiency's sake the Court will list three examples. Defendant alleges California has a "pervasive state statutory program," including California Civil Code § 2924, that violates various federal statutory and constitutional provisions. (ECF No. 1 at 8, 11.) It allegedly does so (A) by "both on its face and as applied discriminat[ing] unfairly against pro se litigants" and (B) with an "express[] design[] to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property." (ECF No. 1 at 8, 11.) Additionally, he alleges "Constitutional rights . . . are systematically trampled in [California] state courts," including in the "trial of unlawful detainer cases following an alleged non-judicial foreclosure[.]" (ECF No. 1 at 10.) Further, he alleges "the California Civil Code procedures authorizing evictions violate" 28 U.S.C. §§ 1981, 1982 because "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans." (ECF No. 1 at 7–8.)

District courts have uniformly found that precisely these types of conclusory allegations

1 — some of which track the phrasing of Defendant's arguments verbatim — fail to satisfy the "specific and extremely narrow" requirements of § 1443(1). *See, e.g.*, *SC ROC III Enclave, LLC v. Snell*, No. CV 16-00673 SJO (AJWx), 2016 WL 552454, at *2 (C.D. Cal. Feb. 10, 2016); *Eagle Vista Equities, LLC v. Sneed*, No. CV 15-7232 MWF (AJWx), 2015 WL 5618851, at *2 (C.D. Cal. Sept. 23, 2015). This does not change simply because Defendant attempts to implicate 42 U.S.C. §§ 1981 and 1982 or mimics the text of 28 U.S.C. § 1443(1). *See, e.g.*, *Carsten v. Grider*, No. EDCV 15-02615-R (DTBx), 2016 WL 74388, at *2 (C.D. Cal. Jan. 4, 2016) ("While a violation of 42 U.S.C. §§ 1981 and 1982 may satisfy the first prong of this test, defendant cannot satisfy the second" with "bare assertions" that "are entirely conclusory in nature."). For example, United States District Court for the Northern District of California recently found a defendant had not shown removal was "proper under Section 1443" by alleging in an "argumentative and conclusory manner" that "California state courts 'rubber stamp' all unlawful detainer proceedings, California Civil Code procedures authorizing evictions violate[d] 42 U.S.C. §§ 1981–82, and California Civil Code § 2924 prevent[ed] her from enforcing her equal rights to contract for and secure real property rights." *Deutsche Bank Nat'l Trust Co. v. Taylor*, No. 16-CV-06605-MEJ, 2016 WL 7332995, at *3 (N.D. Cal. Nov. 21, 2016), *report and recommendation adopted*, No. 16-CV-06605-WHO, 2016 WL 7325011 (N.D. Cal. Dec. 16, 2016).

Contrary to Defendant's suggestion, the filings made in this case in state court, including by Defendant, do not support his position. For example, he cites without explanation that his demurrer and answer demonstrate the Superior Court's "seem[ing] oblivious[ness] to the discrimination and retaliation of plaintiff." (ECF No. 1 at 13.) However, he identifies nowhere in those documents where such claims are made. In fact, Defendant represented to the Superior Court that he would "seek other relief in the Unlimited Civil Court within this judicial district for the violations of California Law as alleged therein." (ECF No. 1 at 44.) Moreover, Defendant asserted fourteen affirmative defenses, none of which seem to rely on his federal civil rights. (ECF No. 1 at 51–54.) He has not shown he was prevented in state court from making any of the additional arguments he now wishes to make, let alone that he was prevented for racial reasons.

Quite simply, Defendant has pointed to "no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor [does he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Patel*, 446 F.3d at 999. Consequently, he has failed to establish that the Court has subject matter jurisdiction pursuant to § 1443(1). *See Martingale Investments, LLC v. Frausto*, No. CV 13-06871 SJO (MRWx), 2013 WL 5676237, at *3 (C.D. Cal. Oct. 17, 2013); *see also U.S. Bank Nat. Ass'n v. Azam*, 582 F. App'x 710, 711 (9th Cir. 2014) (concluding that "even assuming that the prosecution of the unlawful detainer action violated [defendant's] right to racial equality" removal would be improper under § 1443(1) because defendant "failed to establish that the state court could not enforce this right because a California statute or a constitutional provision purported to command the state court to ignore her federal civil rights").

### C. Removal under 28 U.S.C. § 1334

Defendant states without further explanation that he is "materially affected by and interested in the subject matter of these proceedings" and seemingly therefore "entitled to remove to this U.S. District Court, within the meaning of 28 U.S.C. § 1334(b)." (ECF No. 1 at 12.) Quite simply, Defendant has not satisfied his "burden of showing that this unlawful detainer action falls within the scope of the court's § 1334 jurisdiction over bankruptcy proceedings." *Inv. Mgmt. Co., LLC v. Cholakian*, No. CV 13-02408 MMM (JCx), 2013 WL 2417952, at *4 (C.D. Cal. May 31, 2013).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Solano. In removing this case, Defendant filed a motion to proceed in forma pauperis. (*See* ECF No. 2.) The Court has reviewed this motion and finds that Defendant meets the requirements of in forma pauperis status and thus grants Defendant's request.

IT IS SO ORDERED.

Dated: March 9, 2017

Troy L. Nunley
United States District Judge

7